UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 1:13-CV-12771

TIMOTHY JAMES KANE,

    Plaintiff

v.

TOWN OF SANDWICH,

    Defendant

**DEFENDANT'S MOTION FOR JUDGMENT
AS A MATTER OF LAW AT THE CLOSE OF
ALL OF THE EVIDENCE (F.R.C.P. 50(a))**

Now comes the defendant and at the close of all of the evidence hereby moves this Honorable Court to enter judgment for the defendant as a matter of law as the plaintiff has failed to present sufficient evidence that the above-named defendant violated plaintiff's rights under the Uniform Service Employment and Re-employment Rights Act (38 U.S.C. § 4301) in that the plaintiff has failed to show that his military service was a substantial motivating factor in any actions taken against him.  To succeed on his USERRA claim the plaintiff must prove that a supervisor performed an act motivated by anti- military animus that was intended by the supervisor to cause an adverse employment action and that the act was a proximate cause of the ultimate employment action.  Staub v. Proctor Hospital, 562 U.S. 411, 131 S. Ct. 1186, 1194 (2011). An employer is not liable under USERRA if it demonstrates that it would have taken the employment action in question regardless of the plaintiff's military status. Velazquez-Garcia v. Horizon Lines of Puerto Rico, 473 F. 3d 11, 20 (1st. Cir. 2007)

The plaintiff alleges that the defendants discriminated against him "on the basis of

1

Plaintiff's service in the armed forces" in violation of the Uniform Services Employment and Reemployment Rights Act ("USERRA") of 1994, 38 U.S.C. §4311.  Section 4311(a) provides in relevant part that,

> "A person who is a member of, applies to be a member of, performs, has performed, applies to perform, or has an obligation to perform service in the uniformed services shall not be denied employment, reemployment, retention in employment, promotion, or any benefit of employment by an employer on the basis of that membership, application for membership, performance of service, application for service, or obligation."

38 U.S.C. § 4311(a).

According to § 4311(c), an employer will be considered to have engaged in a prohibited action,

> "if the person's membership, application for membership, service, application for service, or obligation for service in the uniformed services is a motivating factor in the employer's action, unless the employer can prove that the action would have been taken in the absence of such membership, application for membership, service, application for service, or obligation for service."

USERRA claims are analyzed under a burden-shifting mechanism, where an employee making a claim under the Act "bears the initial burden of showing by a preponderance of the evidence that his military service was a substantial or motivating factor in the adverse employment action."  Erickson v. U.S. Postal Serv., 571 F.3d 1364, 1368 (Fed. Cir. 2009).  The employer, however, does not violate the Act if it can show "that the action would have been taken in the absence of such ... service."  38 U.S.C. § 4311(c)(1), (c)(2)(D); see also Erickson at 1364 (if the employee makes a *prima facie* showing, the employer can avoid liability by demonstrating it would have taken same action without regard to employee's military service). In other words, an employer only violates § 4311 "if it would not have taken the adverse employment action but for the employee's military service."  Erickson at 1364.  "[W]hen an employer articulates a reason for discharging the plaintiff, not forbidden by law, it is not the

court's province to decide whether the reason was wise, fair, or even correct, ultimately, so long as it truly was the reason for plaintiff's termination." Ortiz Molina v. RIMCO, INC. 2006 WL 2639297 (D.P.R. 2006).

The plaintiff has also failed to make a showing that the defendant violated his rights under the Massachusetts Discrimination Act (M.G.L. c. 151B) in that it discriminated, harassed or created a hostile work environment in violation of said statute based on the plaintiff's military service. The plaintiff has the burden to show … a prima facie case of discrimination." Blare v. Husky Injection Molding Sys. Boston, Inc., 419 Mass. 437, 441, 646 N.E.2d 111 (1995) (Blare). The plaintiff must first provide "evidence that: (1) he is a member of a class protected by G. L. c. 151B; (2) he was qualified to be promoted, and (3) was not promoted and a person not qualified and not in the protected class was promoted in his stead.  "In the second stage, the employer can rebut the presumption created by the prima facie case by articulating a legitimate, nondiscriminatory reason for its [employment] decision." Id. In the third stage, the burden of production shifts back to the plaintiff employee, requiring the employee to provide evidence that "the employer's articulated justification [for the termination] is not true but a pretext." Id. at 443. Here, the defendant has articulated a legitimate not discriminatory justification which has not been rebutted. Bulwer v. Mount Auburn Hospital, 473 Mass. 672, February 29, 2016

The defendant is also entitled to a judgment as a matter of law on the issue of punitive damages both under USERRA and M.G.L. c. 151B, § 4.

As reasons therefore, 38 U.S.C. § 4323(d)(1)(C)(d) provides that the Court may require the defendant to compensate the plaintiff for any loss of wages or benefits suffered by reason of such defendant's failure to comply with the provisions of this chapter and it also may order that the defendant pay an amount equal to the amount of damages and liquidated damages (double

damages) if the Court determines that the defendant's failure to comply with the provisions of the chapter was willful.

The plaintiff has set forth no evidence that the violative conduct by the defendant was willful, if there was any at all. The United States Supreme Court has stated that in a statute which does not define the term "willful," the terms cover not only knowing violations but reckless ones as well. Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 57 127, S.Ct. 2201 (2007). See also Hazen Paper Co. v. Biggins, 507 U.S. 604, 6, 614, 113 S. Ct. 1701 (1993). Transworld Airlines, Inc. v. Thurston, 469 U.S. 111, 125-26, 105 S.Ct. 613 (1985). In Thurston, the Supreme Court adopted a "reckless disregard" standard for willful violations of the Age Discrimination in Employment Act which like the USERRA statute, provided that liquidated damages are "payable only in cases of willful violations." (29 U.S.C. § 626(b)). The Supreme Court also adopted a reckless disregard standard for willful violations of the Fair Labor Standards Act (29 U.S.C. § 255(a)). McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133, 108 S.Ct. 1677 (1988).

Under such a standard, a finding of willfulness requires something more than merely showing that an employer knew about the statute and its potential applicability in the workplace. Sanchez v. P.R. Oil Co., 37 F.3d 712, 721 (1st Cir. 1994). Where an employee engaged in reasonable good faith efforts to determine that its actions complied with the statute, a finding of willfulness is not appropriate even though the employer's action may have violated the statute. Thurston, 469 U.S. at 127-28. Here, the defendant engaged in a good faith effort to determine that its actions complied with the statute at the time and also after it was corrected by the Department of Labor. The defendant engaged in a reasonable good faith effort to determine that

its actions complied with the statute and, therefore, a finding of willfulness is inappropriate and, therefore, an award of liquidated damages are not appropriate.  <u>Thurston</u>, 469 U.S. 111 (1985).

Punitive damages are also inapplicable under M.G.L. c. 151B.  In 2009, the Supreme Judicial Court of Massachusetts set forth a new standard describing the circumstances in which punitive damages may be awarded.  In <u>Haddad v. Wal-Mart Stores, Inc</u>., 455 Mass. 91, the S.J.C. considered whether an award of punitive damages is excessive in a gender discrimination case.  The Court said that it analyzed three factors:  (1) the degree of reprehensibility of the defendant's conduct; (2) the ratio of the punitive damage award to the actual harm inflicted on the plaintiff; and (3) a comparison of the punitive damage award and the civil or criminal penalties that could be imposed.

The S.J.C. said that in Massachusetts, punitive damages are only imposed when authorized by statute.  <u>International Fidelity Ins. Co. v. Wilson</u>, 387 Mass. 841 (1983).  Discrimination necessarily involves an intentional act and, therefore, no additional language distinguishing intentional or negligent acts is required.  The SJC went on to say in <u>Wal-Mart</u>: "We now fashion a definition of outrageous conduct appropriate specifically for discrimination claims to be applied in all claims for punitive damages under G.L. c. 151B commenced after the date of the rescript in this opinion and all pending claims."

"To sustain an award of punitive damages under G. L. c. 151B, § 4, a finding of intentional discrimination alone is not sufficient. An award of punitive damages requires a heightened finding beyond mere liability and also beyond a knowing violation of the statute. Punitive damages may be awarded only where the defendant's conduct is outrageous or egregious. Punitive damages are warranted where the conduct is so offensive that it justifies punishment and not merely compensation. In making an award of punitive damages, the fact

finder should determine that the award is needed to deter such behavior toward the class of which plaintiff is a member, or that the defendant's behavior is so egregious that it warrants public condemnation and punishment. See <u>Clifton v. Massachusetts Bay Transp. Auth.</u>, *supra* at 624; <u>Ciccarelli v. School Dep't of Lowell</u>, supra at 795-799.

In determining whether the defendant's conduct was so outrageous or egregious that punitive damages under G. L. c. 151B are warranted, the fact finder should consider all of the factors surrounding the wrongful conduct. Such factors may include:  1. whether there was a conscious or purposeful effort to demean or diminish the class of which the plaintiff is a part (or the plaintiff because he or she is a member of the class); 2. whether the defendant was aware that the discriminatory conduct would likely cause serious harm, or recklessly disregarded the likelihood that serious harm would arise; 3. the actual harm to the plaintiff; 4. the defendant's conduct after learning that the initial conduct would likely cause harm; 5. the duration of the wrongful conduct and any concealment of that conduct by the defendant.

Judges can look to these factors for guidance, and should tailor jury instructions in a particular case by selecting from among the suggested factors as warranted by the evidence. <u>Haddad v. Wal-Mart Stores, Inc.</u>,  455 Mass. 91 | 914 N.E.2d 59 (2009).

WHEREFORE, the defendant respectfully requests that the Court enter judgment as a matter of law for the defendant.

                                      Defendant,
                                      Town of Sandwich,

                                      By its attorney,

                                      */s/Bradford N. Louison*

                                      Bradford N. Louison (BBO#305755)
                                      blouison@lccplaw.com
                                      Douglas I. Louison   (BBO# 545191)
                                      dlouison@lccplaw.com
                                      Louison, Costello, Condon & Pfaff, LLP
                                      101 Summer Street, #4
                                      Boston, MA 02110
                                      (617) 439-0305

Dated:  March 10, 2016

## CERTIFICATE OF SERVICE

    I, Bradford N. Louison, hereby certify that on the 10th day of March, 2016, this document was filed through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                        Joseph A. Napiltonia (*pro hac vice*)
                        Law Office of Joe Napiltonia
                        219 Third Avenue North
                        Franklin, TN  37064

                        Jeffrey M. Sankey, Esq.
                        (BBO #51062)
                        Sankey Law Offices, P.C.
                        25 Braintree Hill Park, Suite 200
                        Braintree, MA  02184

                                      */s/Bradford N. Louison*

                                      Bradford N. Louison